**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| Darrell W. Clifford, ) | |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Leann Bertsch, Director of DOCR for ) | |
| the State of North Dakota, et. al., ) | Case No. 1:17-cv-088 |
| ) | |
| Defendants. ) | |

The plaintiff, Darrell W. Clifford ("Clifford"), is an inmate at the North Dakota State Penitentiary. He initiated the above-entitled action in May 2017 with the remittance of the civil filing fee and the submission of a Complaint. He subsequently filed notice of his consent to the undersigned's exercise of jurisdiction. (Docket No. 4). This matter is now before the undersigned for initial review pursuant to 28 U.S.C. § 1915A.

**I.   DISCUSSION**

Clifford, a frequent filer with this court, alleges the following in the Complaint now before the undersigned for initial review:

> Due to the side effects of the medication "Flomax," it has caused me or prevented me to experience any physical arousel. I spoke with PA Deb Houdek in which she stated that if I discontinue the medication Flomax, that urinary infection with return.

(Docket No. 2) (errors in original). From the supplemental material that he filed in conjunction with his complaint, it appears that he was prescribed Flomax in the spring of 2016 to combat a urinary infection. Whether he is still taking this medication is unclear. In his prayer for relief, he requests that " the defendants in stated claim to provide me with 'Speman' & 'Pro-Plus' supplements for my physical health, and in addition it will eliminate my sluggishness and weakness." (Id.).

1

## II.     STANDARDS GOVERNING INITIAL REVIEW

Congress enacted the Prison Litigation Reform Act of 1995 ("PLRA") to address the burden imposed by prisoner suits that are too often frivolous and without merit. Jones v. Bock, 549 U.S. 199, 203-04 (2007); Woodford v. Ngo, 548 U.S. 81, 84 (2006). One of the reforms enacted as part of the PLRA for cases in which prisoners are seeking to sue a governmental entity, officer, or employee requires courts to conduct an early screening to weed out claims that clearly lack merit. 28 U.S.C. § 1915A. In conducting the screening, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant. Id.

In screening a *pro* se prisoner complaint, the court is obligated to construe it liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008); Solomon v. Petray, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (internal quotation marks omitted). This does not mean that the court must accept everything or anything that is filed by a prisoner proceeding *pro se*, however. In enacting the screening requirement, Congress obviously expected it to be more than an a ritualistic exercise and that courts would only allow to go forward those claims that are cognizable, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement

to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Twombly"). The complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). Also, it must state enough to satisfy the "plausibility standard" for stating a cognizable claim as established in Twombly and further amplified by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 678-84 (2009) ("Iqbal"). And, even though a *pro se* prisoner complaint is entitled to a liberal construction, these minimal pleading requirements must still be satisfied. E.g., Story v. Foote, 782 F.3d 968, 969 ("To state a claim, . . . [the *pro se* prisoner's] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted and citing Twombly and Iqbal). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 680-81. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a claim under 42 U.S.C. § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58. Also, the pleading must allege a sufficient causal link between the alleged violation and the basis upon which the particular defendant is to be held responsible, keeping in mind that persons sued in their individual capacities must be personally involved or directly responsible since § 1983 does not impose *respondeat superior*

3

liability.  Iqbal, 556 U.S. at 676-77; Gordon v. Hansen, 168 F.3d 1109, 1113 (8th Cir. 1999)

Finally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim.  The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law.  E.g.,  Thompson v. Ill. Dep't of Prof'l Regulation, 300 F.3d 750, 753-54 (7th Cir. 2002) (citing other cases).

### III.  DISCUSSION

Even when afforded the most liberal of constructions, it is clear that Clifford's Complaint fails to meet the most basic pleading requirements.   Clifford does not explicitly allege that he suffers from an objectively serious medical impairment,[1] that defendants have been deliberately indifferent to it, or that defendants have otherwise engaged in any constitutionally suspect conduct. Rather, he appears to take issue with the NDSP's refusal in May 2016 to provide with herbal supplements that he believes would address/offset his lack of sexual arousal, which he intimates is a side effect of Flomax.

First, it is not clear from Clifford's complaint that he was still taking Flomax at the time he initiated this action.  Second, it is well settled that an inmate's disagreement with his treatment or his insistence on a particular course of treatment are not actionable under the guise of a § 1983 action.  Thus, absent more, the NDSP's refusal to provide Clifford with herbal supplements as requested or otherwise provide him with the treatment of his preference is not actionable under the guise of a § 1983 action.  See Blackwell v. Selig, 26 Fed.  App'x 991 (8th Cir.  2001) (citing Vaughan v. Lacey, 49 F.3d 1344, 1346 (8th Cir.1995), for the proposition that an inmate's

---

[1] Lyons v. Brandly, 40 Fed. App'x 377 (6th Cir. 2011) (concluding that an inmate's alleged erectile dysfunction did not constitute a serious medical condition given that no physician had indicated its treatment was mandatory, it was not causing the inmate pain, and it was not life-threatening).

disagreement as to proper course of treatment is not actionable under Eighth Amendment); see also Long v. Nix, 86 F.3d 761, 766 (8th Cir. 1996) ("[N]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment . . . . Prisoners do not have a constitutional right to any particular type of treatment . . . . Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." (internal citations omitted)); Taylor v. Bowers, 966 F.2d 417, 421 (8th Cir. 1992)"[A] prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fail [s] to rise to the level of a constitutional violation.").

## IV.   CONCLUSION

Clifford's complaint is devoid of any cognizable constitutional claim.  Consequently, the court **DISMISSES** the above-entitled action **WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Dated this 18th day of July, 2017.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court
